UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAKE DANIEL VOIE,

    Petitioner,

v.

KENNETH QUINN,

    Respondent.

Case No.  C04-1765 RJB/KLS

REPORT AND RECOMMENDATION

NOTED FOR:
OCTOBER 6, 2006

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this action under 28 U.S.C. § 2254, challenging his 2002 judgment and sentence.  Respondent argues that the petition is time-barred based on 28 U.S.C. § 2244(d).  The court agrees that the petition is not only time-barred, but also that petitioner's claims are not exhausted and that he is procedurally barred and therefore, recommends that the petition be **DISMISSED WITH PREJUDICE**.

# I. STATEMENT OF THE CASE

**A.**     **Basis for Custody**

Petitioner is in custody in the Washington State Department of Corrections (DOC) pursuant to the judgment and sentence of the Lewis County Superior Court following his guilty pleas on March 21, 2002, to one count of delivery of a controlled substance, methamphetamine, one count of delivery of a controlled substance marijuana, and one count of conspiracy to deliver a controlled

REPORT AND RECOMMENDATION
Page - 1

substance, marijuana. (Dkt. # 35, Exh. 1). The trial court imposed a sentence of 120 months. (<u>Id</u>. at 22).

B.     **<u>State Court Procedural History</u>**

Petitioner was sentenced on June 26, 2002. (<u>Id</u>., Exh. 1 at 24). He did not appeal his sentence. Petitioner filed his first personal restraint petition in the Washington Court of Appeals on September 2, 2004, in which he raised the following grounds for relief:

I was contacted by Prosecutors to serve no prison time.

I've been in treatment for 2 years for chemical dependency.

(<u>Id</u>., Exh. 3 at 36).

On November 18, 2004, the Chief Judge for the Washington Court of Appeals entered an order dismissing the petition. (<u>Id</u>., Exh. 4). On December 28, 2004, petitioner filed a letter with the Washington Court of Appeals asking for reconsideration of his case. (<u>Id</u>., Exh. 5). On January 11, 2005, the Washington Supreme Court Deputy Clerk advised that petitioner's letter would be considered as a motion for discretionary review. (<u>Id</u>., Exh. 6). On March 17, 2005, the Washington Supreme Court Commissioner entered a ruling dismissing the motion for discretionary review. (<u>Id</u>., Exh. 7). In his ruling dismissing petitioner's motion for discretionary review, the Washington Supreme Court Commissioner found that petitioner did not file his motion for discretionary review on time and that accordingly, his motion was dismissed as untimely. (<u>Id</u>.)

On March 9, 2005, petitioner filed a second motion for discretionary review in the Washington Supreme Court. (<u>Id</u>., Exh. 8). The first page of that document reflects a hand-written note which states the following:

> 3-9-05 Rejected for filing as untimely; see ruling denying extension of time dated February 22, 2005.

<u>Id</u>. A letter from the File Clerk of the Washington Supreme Court confirms that, because

REPORT AND RECOMMENDATION
Page - 2

petitioner's motion was rejected as untimely, only the first page of petitioner's motion for discretionary review was added to the court's file to show the notation of the Deputy Clerk. (Id., Exh. 9). On May 18, 2005, the Washington Court of Appeals entered a Certificate of Finality. (Id. Exh. 12).

On January 8, 2005, petitioner filed a petition for writ of habeas corpus in the Lewis County Superior Court. (Id., Exh. 13). On February 2, 2005, the Lewis County Superior Court entered an order transferring the petition to the Washington Court of Appeals for consideration as a personal restraint petition. (Id., Exh. 14). On October 25, 2005, the Chief Judge for the Washington Court of Appeals entered an order dismissing Mr. Voie's personal restraint petition, expressly finding that the petition was time-barred. (Id., Exh. 16). The Washington Court of Appeals entered a certificate of finality on December 22, 2005. (Id., Exh. 17).

C.  **Federal Court Procedural Background**

This petition was originally filed in the United States District Court for the Western District at Seattle on August 8, 2004. (Dkt. # 1). On August 24, 2004, the court declined to order service of the petition due to certain defects, including petitioner's failure to name the person having custody over the defendant and apparent failure to exhaust his claims in state court and granted thirty days to amend. (Dkt. # 7). Petitioner timely filed an amended habeas petition that named a unit supervisor as the respondent and failed to show whether he had exhausted available state remedies. (Dkt. # 9).

On January 19, 2005, the court issued an order to show cause, giving petitioner thirty days to show cause why his petition should not be dismissed without prejudice for failure to exhaust. (Dkt. # 10). In response, petitioner indicated he has court papers from the Supreme Court of Washington regarding discretionary review (Dkt. # 11) and in a subsequent pleading, stated:

> This is to let the court know that *I am trying to exhaust my judicial remedies*. I'm seeking a hearing, although there's a 99% probability that I won't be heard, or even able to argue my point.

REPORT AND RECOMMENDATION
Page - 3

> The Supreme Court would bring some closure to this whole ordeal. I could live with whatever they said was the case. So long as I'm able to present my arguments *that are important.*

(Dkt. # 14 at 1) (emphasis added). Petitioner also indicated that the Court of Appeals dismissed his petition on November 18, 2004. The Washington Court of Appeals dismissed petitioner's personal restraint petition on the basis that he failed to establish any factual grounds for relief. (Dkt. # 14 at 4-5; Dkt. # 35 at 2).

Magistrate Judge Benton determined that the action is unexhausted and must be dismissed. (Dkt. # 19). The petition was then transferred to this court. (Dkt. # 21). This court concurred with Magistrate Judge Benton's Report and Recommendation, but stated that while it appeared the action may be time barred in state court and that any attempt to raise an issue now would be considered second or successive, the court should not dismiss with prejudice and preclude petitioner attempting to seek state review.

The District Court declined to adopt the Report and Recommendation, stating that given the current state of the record, it could not determine whether petitioner had exhausted his claims. (Dkt. # 26). This court ordered the filing of dispositive motions to address the issues raised in the District Court's order. (Dkt. # 27). Respondent has filed a motion to dismiss based on 28 U.S.C. § 2244(d)(1)(A) and submitted relevant portions of the state court record. (Dkt. # 35). In response, petitioner has submitted two letters and a print-out of case events in his appellate proceedings. Petitioner claims he is innocent, that his incarceration is the fault of his attorney, the odds were against his ever exhausting his remedies and that he should be released. (Dkt. # 28, 34, 37).

## II. ISSUES

Petitioner presents the court with the following ground for habeas corpus relief:

Petitioner alleges of not willingly entering plea agreement.

REPORT AND RECOMMENDATION
Page - 4

Supporting Facts: I plead guilty and did so under the stipulation of serving no prison sentence. I contracted for an adjustment in sentence structure.

(Dkt. # 9 at 5).

### III. STANDARD OF REVIEW

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

State court judgments carry a presumption of finality and legality. McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). The petitioner must prove the custody violates the Constitution, laws or treaties of the United States. McKenzie, 27 F.3d at 1418-19. If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993).

### IV. DISCUSSION

**A. The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(D).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date

REPORT AND RECOMMENDATION
Page - 5

the statute was signed into law and expired on April 23, 1997. Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

( C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

REPORT AND RECOMMENDATION
Page - 6

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

Petitioner filed his federal habeas petition on August 31, 2004. (Dkt. # 1). Petitioner was sentenced by the Lewis County Superior Court on June 26, 2002. (Dkt. # 35, Exh. 1 at 24). The federal statute of limitations began to run from the date the state court judgment was filed on June 26, 2002 and ran uninterrupted from that date for approximately 26 months until he filed his federal habeas petition on August 31, 2004. Thus, the one-year statute of limitations clearly expired before petitioner had filed his federal habeas petition in this court.

In addition, petitioner's first state court post-conviction challenge was not filed until September 2, 2004, two days after he filed his federal habeas petition and after the statute of limitations had already expired. Thus, that collateral challenge did not toll the statute of limitations while the petition was pending in state court. *See e.g.,* 28 U.S.C. § 2244(d)(2); <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000); <u>Pace</u>, 125 S.Ct. At 1814.

**B.     Equitable Tolling Is Unavailable**

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." <u>Corjasso</u>, 278 F.3d at 877 (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" <u>Id.</u> (citations omitted); <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001); <u>Allen v. Lewis</u>, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner,

REPORT AND RECOMMENDATION
Page - 7

generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000).

There is no evidence of conduct by the State or by respondents which impeded petitioner's ability to file his federal petition in a timely manner. There is no evidence of lack of clarity in the law or legal unavailability of claims preventing petitioner from filing his petition or some other extraordinary or unforseen impediment over which he had no control. There is no evidence in this case of extraordinary circumstances beyond petitioner's control that made it impossible for him to file his petition on time. Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

### C.  Petitioner's Claims Are Not Exhausted Because They Were Not Presented As Federal Constitutional Claims to Highest State Court

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). It is the petitioner's burden to prove that a claim has been properly exhausted and is not procedurally barred. Cartwright v. Cupp, 650 F.2d 1103, 1004 (9th Cir. 1981). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Notwithstanding the Washington Supreme Court's rejection of petitioner's motion as untimely, petitioner's claim was not properly exhausted because it was not fairly presented to the state courts as a specific federal constitutional violation. *See, e.g.*, Gray v. Netherland, 518 U.S. 152, 162 (1996); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 120 .Ct. 815 (2000). In his previous state court appeals, petitioner argued that the prosecutor breached the plea agreement. As petitioner made no allegation

REPORT AND RECOMMENDATION
Page - 8

of a specific federal constitutional violation, he did not properly exhaust his state court claims. Gray, 518 U.S. at 163.

### D. Petitioner's Claim of Actual Innocence Is Not Credible

Petitioner claims that he is innocent. Alternatively, petitioner claims that he plead guilty only because he was told that he would not have to serve any prison time. To prevail on a claim of actual innocence, the petitioner must present evidence showing, more likely than not, that he is in fact innocent of the crime. See, e.g., Carriger v. Stewart, 132 F.3d 463, 478-79 (9th Cir. 1997) (en banc) (actual innocence shown by sworn confession of third person accurately describing details of crime); cf. Thomas v. Goldsmith, 979 F.2d 746, 750 (9th Cir. 1992) (if physical evidence does not exist, speculation about such evidence cannot establish actual innocence). Petitioner does not present any evidence of innocence nor any excuse for his procedural default. Therefore, his sole habeas claim is not cognizable in this federal habeas corpus proceeding.

Additionally, petitioner is now procedurally barred from returning to state court to properly exhaust that claim because he has previously filed two personal restraint petitions in the Washington State courts. (Dkt. # 35, Exh. 3, 13; *See also,* RCW 10.73.140, which prohibits the filing of a successive petition without good cause). As petitioner would almost certainly be found to be time-barred if he were to file another personal restraint petition in the Washington State courts, given that his last such petition was expressly found to be time-barred by the Washington Court of Appeals, (*see* Id, Exh. 16 at 95 and RCW 10.73.090), the State argues that the court should dismiss petitioner's federal habeas petition with prejudice as time-barred, as well as unexhausted and procedurally barred. The court agrees.

REPORT AND RECOMMENDATION
Page - 9

## V. CONCLUSION

This petition is time-barred, as well as unexhausted and procedurally barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 6, 2006,** as noted in the caption.

Dated this  5th  day of September, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 10